## KNEALE v CITY VIEW APT & STORAGE CO et al.

Ohio Appeals, 9th Dist, Summit Co
No 1868. Decided April 6, 1931

Keenan & Butler, Canton, for defendant Catholic Ladies of Columbia.

Willis Bacon, Akron, for receiver of Storage Co.

### THE FACTS ARE STATED IN THE OPINION.

PARDEE, J.

This case is here upon appeal and involves the question as to whether the Catholic Ladies of Columbia, an Ohio corporation of Canton, is to participate in the funds in the hands of the receiver of the City View Apartment & Storage Co., an insolvent corporation, to the full amount of bonds owned by it in the sum of $15,000, issued by said insolvent corporation, or only upon the basis of approximately $3500.

The controversy arises between said Canton corporation and the receiver of the insolvent one, and the question is presented upon these facts:

The City View Co. put out an issue of first mortgage leasehold bonds and sold $15,000 par value of them to said Canton corporation for the sum of $15,069.15, upon certain representations. Later the Canton corporation learned that it had been imposed upon by the selling agent of said City View Co., and the Canton corporation brought an action at law sounding in tort to recover damages which it alleged it had sustained by reason of said false and fraudulent representations and recovered a judgment in the Court of Common Pleas of said county in the sum of $11,444.44, and also a judgment against the Fidelity & Deposit Co. of Maryland, which company had engaged in a joint undertaking in writing with the said City View Co., in accordance with the requirements of the statutes of Ohio, wherein the said City View Co. and the said surety company agreed to indemnify and save harmless any purchasers of said bonds who might suffer loss by reason of misrepresentations in the sale of said bonds by the said City View Co.

After the judgment in its favor had been rendered, the Canton corporation, for a valuable consideration, sold and transferred all of its interest in and to said judgment to said surety company, and said surety company has filed said claim with said receiver and he has allowed the same as a valid and subsisting one against said City View Co. and entitled, as a general creditor, to participate in the distribution of the funds of his hands as such receiver.

The receiver claims that the Canton corporation is entitled to participate in said funds only as a general creditor on the basis of approximately $3500, this amount being the difference between the face value of said bonds and the amount of the judgment rendered in its favor, hereinbefore referred to.

The mortgaged property has been disposed of, but there was no money realized therefrom to apply upon the bonds which the mortgage secured.

In the amended petition filed by the Canton corporation to recover damages, and upon which the issues were made up and tried, it alleged that the bonds for which it had paid $15,069.15 were entirely worthless and that as a result of the false and fraudulent representation which had been made to it at the time the bonds were purchased it had been damaged in the sum of $15,069.15. At the end of the trial the jury found that the bonds were worth something, to-wit, approximately $3500, as the damages suffered were fixed at $11,444.44.

In that action the corporation did not attempt to rescind the contract and seek to recover the amount paid and interest, nor did it bring an action to recover damages for a breach of contract, but it kept the bonds and brought an action in tort, asking damages for the injury it had suffered as a result of the false and fraudulent representations which had induced it to make the purchase of the bonds.

The jury having found that the bonds which the corporation bought and retained were worth, at the time they were purchased, approximately $3500, the owner of the bonds is entitled to recover of the maker and issuer their full face value, and from the receiver its proper percentage based up-

on that value, which percentage, under the evidence in this case, will not exceed $3500. A decree may be drawn in accordance with this opinion.

WASHBURN, J, and FUNK, J, concur.